Ms. Renie Davis Statewide Human Rights Advocacy Committee 1317 Winewood Boulevard Building 1, Room 401 Tallahassee, Florida 32399
Dear Ms. Davis:
You have asked for my opinion on substantially the following questions:
1. Does the 72-hour involuntary examination period established in section 394.463(2), Florida Statutes (1996 Supplement), for examination and possible treatment of a person who may suffer from mental illness, refer to a continuous time period or is the period interrupted by holidays, weekends or any other non-working days?
2. Does the 5-day period contained in section 394.467(6), Florida Statutes (1996 Supplement), for conducting a hearing on involuntary placement, continue to run through holidays, weekends or other non-working days?
In sum:
1. The 72-hour period referred to in section 394.463(2), Florida Statutes (1996 Supplement), may be extended to include a holiday or weekend if that is when the period would otherwise end.
2. The 5-day period established in section 394.467(6), Florida Statutes (1996 Supplement), for conducting a hearing on involuntary placement is not tolled by holidays, weekends or other non-working days.
Question One
Section 394.463, Florida Statutes (1996 Supplement), provides for the involuntary examination of a person who may be mentally ill and because of that mental illness has refused or is unable to make a decision to receive voluntary examination and may be dangerous to themselves or others.[1] The involuntary examination may be initiated by a court order, by intervention by a law enforcement officer or by a health care professional.[2]
Section 394.463(2)(f), Florida Statutes (1996 Supplement), provides:
"A patient shall be examined by a physician or clinical psychologist at a receiving facility without unnecessary delay and may, upon the order of a physician, be given emergency treatment if it is determined that such treatment is necessary for the safety of the patient or others. The patient shall not be released by the receiving facility or its contractor without the documented approval of a psychiatrist or clinical psychologist. However, apatient may not be held in a receiving facility for involuntaryexamination longer than 72 hours." (e.s.)
The statute specifically states that "[t]he 72-hour period begins when the patient arrives at the hospital and ceases when the attending physician documents that the patient has an emergency medical condition."[3]
The statute does, however, make an accommodation from the running of the period:
"Within the 72-hour examination period or, if the 72 hours ends on a weekend or holiday, no later than the next working day thereafter, one of the following actions must be taken, based on the individual needs of the patient:
1. The patient shall be released, unless he or she is charged with a crime, in which case the patient shall be returned to the custody of a law enforcement officer;
2. The patient shall be released, subject to the provisions of subparagraph 1., for outpatient treatment;
3. The patient, unless he or she is charged with a crime, shall be asked to give express and informed consent to placement as a voluntary patient, and, if such consent is given, the patient shall be admitted as a voluntary patient; or
4. A petition for involuntary placement shall be filed in the appropriate court by the facility administrator when treatment is deemed necessary; in which case, the least restrictive treatment consistent with the optimum improvement of the patient's condition shall be made available."[4]
Thus, the statute recognizes that the 72-hour period may be extended to include a holiday or weekend if that is when the period would otherwise end. When the language of a statute is clear and unequivocal, the legislative intent may be determined from the words used without applying incidental rules of construction.[5]
Therefore, it is my opinion that the 72-hour time limitation contained in section 394.463, Florida Statutes (1996 Supplement), may be extended to include a holiday or weekend if the period would otherwise end on one of those days.
Question Two
Section 394.467, Florida Statutes (1996 Supplement), sets forth certain criteria upon which a person may be involuntarily placed for treatment for mental illness. If a person is retained by a receiving facility or involuntarily placed in a treatment facility and involuntary placement is recommended, a petition for involuntary placement must be filed with the court.[6]
Subsection (6)(a)1. of the statute provides, in part, that
"The court shall hold the hearing on involuntary placement within 5 days, unless a continuance is granted. The hearing shall be held in the county where the patient is located and shall be as convenient to the patient as may be consistent with orderly procedure and shall be conducted in physical settings not likely to be injurious to the patient's condition. If the court finds that the patient's attendance at the hearing is not consistent with the best interests of the patient, and the patient's counsel does not object, the court may waive the presence of the patient from all or any portion of the hearing. . . ."
In contrast to the language used in section 394.463, Florida Statutes, and discussed above, nothing in section 394.467, Florida Statutes, indicates a legislative intent that the 5-day period be extended by the occurrence of a weekend or holiday. The statute does provide for a continuance of up to 4 weeks for the hearing on involuntary placement if the patient or their attorney requests a continuance.[7] However, in the absence of any expression of legislative intent that this period be tolled by a holiday or weekend, this office may not read such a qualification into the statute.[8]
Moreover, section 394.468, Florida Statutes (1996 Supplement), provides:
"Admission and discharge procedures and treatment policies of the department are governed solely by this part. Such procedures and policies shall not be subject to control by court procedure rules. The matters within the purview of this part are deemed to be substantive, not procedural."
Thus, with regard to admission and discharge procedures, the terms of the Baker Act are mandatory and exclusive and compliance with other rules of procedure will not satisfy the requirements of the act.
In sum, it is my opinion that the 5-day period established in section 394.467(6), Florida Statutes (1996 Supplement), for conducting a hearing on involuntary placement is not tolled by holidays, weekends or other non-working days.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 394.463(1), Fla. Stat. (1996 Supp.).
[2] Section 394.463(2)(a)1.-3., Fla. Stat. (1996 Supp.).
[3] Section 394.463(2)(g), Fla. Stat. (1996 Supp.).
[4] Section 394.463(2)(i), Fla. Stat. (1996 Supp.).
[5] Reino v. State, 352 So.2d 853, 860 (Fla. 1977); State v.Egan, 287 So.2d 1, 4 (Fla. 1973); Holly v. Auld, 450 So.2d 217,219 (Fla. 1984).
[6] Section 394.467(2) and (3), Fla. Stat. (1996 Supp.).
[7] Section 394.467(5), Fla. Stat. (1996 Supp.).
[8] Cf., Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209
(Fla. 1974); Ops. Att'y Gen. Fla. 87-43 (1987), 86-32 (1986), and 82-20 (1982).